UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARION EDWARDS,<br><br>    Plaintiff,<br><br>    v.<br><br>ALAMEDA-CONTRA COSTA TRANSIT DISTRICT, et al.,<br><br>    Defendants. | Case No. 15-cv-05778-VC<br><br>**ORDER SANCTIONING PLAINTIFF'S COUNSEL**<br><br>Re: Dkt. No. 61 |

      The responses to the Order to Show Cause issued on June 21, 2017 demonstrate that counsel for the plaintiff failed adequately to meet and confer with defense counsel, failed to make any reasonable effort to prepare the required joint pretrial filings, and failed to submit a proposed verdict form, all of which were required under the Court's Standing Order for Civil Trials. Plaintiff's proposed jury instructions and exhibit lists do not comply with the Court's Standing Orders in their content or formatting, and are inadequate to assist opposing counsel and the Court in preparing this case for trial.[1] These failures are not attributable to defense counsel, who made reasonable efforts to meet and confer, coordinate joint filings, and, indeed, notify plaintiff's counsel of specific ways in which his filings failed to comply with the Standing Order. The Court finds that counsel for the plaintiff was aware of the Standing Order requirements

---

[1] While not a basis for the Court's imposition of sanctions, the Court finds unpersuasive plaintiff counsel's explanation for his failure to respond to the defendants' motions in limine. The Court's revised Standing Order, which was uploaded to the Court website on May 26, was clearly not intended to alter the June 5 deadline for serving motions in limine in this case. Moreover, if counsel thought the revised Standing Order changed the deadlines, he should have raised this issue with the Court in a timely manner rather than notifying the Court in the Pretrial Conference Statement filed weeks after the purported deadline.

regarding meet-and-confers, joint filings, jury instructions, and exhibit lists, and willfully failed to comply with those requirements.

Accordingly, pursuant to the Court's inherent authority and 28 U.S.C. § 1927, plaintiff's counsel is ordered to compensate the defendants for 50% of their fees reasonably incurred on July 11 and 12, 2017, for the time defense counsel spent in this Courthouse meeting and conferring over how to fix the pretrial filings. If the parties can't agree on the amount of fees reasonably incurred, they must submit a joint five-page letter setting forth their respective positions within seven days of this Order, and pursuant to the procedure the Court's Standing Order provides for discovery disputes. For guidance, the Court is tentatively of the view that only 50% of fees incurred by one attorney for the defendants should be compensated.

The Order to Show Cause is discharged with respect to the plaintiff, Mr. Edwards, as it appears that he is not responsible for any of his counsel's failings.

**IT IS SO ORDERED.**

Dated: July 12, 2017

_____
VINCE CHHABRIA
United States District Judge