UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARION EDWARDS,

    Plaintiff,

v.

ALAMEDA-CONTRA COSTA TRANSIT DISTRICT, et al.,

    Defendants.

Case No. 15-cv-05778-VC

**ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY**

Re: Dkt. No. 117

    The plaintiff's motion to disqualify is denied. Mr. Benjamin's allegations would not persuade a reasonable person with knowledge of the facts and proceedings of this case that the Court's impartiality might reasonably be questioned. *See United States v. McTiernan*, 695 F.3d 882, 891-92 (9th Cir. 2012); *United States v. Frias-Ramirez*, 670 F.2d 849, 853 n.6 (9th Cir. 1982) ("Parties cannot attack a judge's impartiality on the basis of information and beliefs acquired while acting in his or her judicial capacity."). Moreover, remarks made during the course of judicial proceedings almost never constitute a valid basis for recusal on their own. *United States v. Holland*, 519 F.3d 909, 913-14 (9th Cir. 2008); *see also Liteky v. United States*, 510 U.S. 540, 555-56 (1994). In this case, the remarks made by the Court about Mr. Benjamin merely reflect a belief by the Court that Mr. Benjamin has performed consistently poorly as a lawyer throughout the case and has engaged in misconduct. A judge's belief that a lawyer has performed poorly and engaged in misconduct is not a reason for the judge to be disqualified. Therefore, recusal is not warranted under 28 U.S.C. §§ 144 or 455. *Cf. United States v. Caramadre*, 807 F.3d 359, 374-75 (1st Cir. 2015); *United States v. Wilkerson*, 208 F.3d 794, 797-99 (9th Cir. 2000).

**IT IS SO ORDERED.**

Dated: March 15, 2018

_____
VINCE CHHABRIA
United States District Judge