UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARION EDWARDS,<br><br>    Plaintiff,<br><br>    v.<br><br>ALAMEDA-CONTRA COSTA TRANSIT DISTRICT, et al.,<br><br>    Defendants. | Case No. 15-cv-05778-VC<br><br>**ORDER ON MOTIONS IN LIMINE**<br>Re: Dkt. Nos. 47-51 |

In June 2017, the defendants filed five unopposed motions in limine for trial. Because Edwards has not responded to these motions as required by the Court's Standing Order for Civil Trials, they are granted unless they are facially meritless or contradict the Court's summary judgment ruling, as detailed below.

Motion in Limine #1

The motion is granted to the following extent: Any evidence of or arguments about promotions that were denied after the complaint was filed on December 16, 2015 will be excluded.

Motion in Limine #2

The motion is granted in part and denied in part as follows: Although the Court will not issue a categorical ruling that might exclude evidence that relates to Edwards's pending claims, Edwards will not be permitted to present plainly irrelevant evidence. Evidence of the consent decree and prior lawsuits against Salvador Llamas at his previous jobs are excluded. Any additional "other acts" evidence that Edwards plans on introducing that relates to acts of retaliation by other employees of Alameda-Contra Costa Transit District or acts against

employees other than Edwards will not be admissible without an offer of proof at the pretrial conference.

Motion in Limine #3

The motion is granted. In addition to the fact that Edwards has not opposed the motion, the proposed testimony of Patricia Howze appears irrelevant (or, at best, marginally relevant) to the remaining claims in the case, and the motion papers strongly suggest that Edwards's counsel improperly obstructed the deposition of Howze, preventing defense counsel from discerning which opinions Howze might offer at trial. Nor will Edwards be permitted to elicit expert testimony from John Harris, Larry Smith, Louis Bartholomew, Eugene King, and Lieza Paz. Those witnesses may, of course, testify if they have relevant factual testimony.

Motion in Limine #4

This motion is denied as overbroad. Even though certain claims are no longer part of the case, evidence of Edwards's treatment previously presented in connection with his other claims may be relevant to the other claims going to the jury – such as retaliation – and therefore, will not be categorically excluded. *See* Dkt. No. 34 at 5. Whether there was an adverse employment action taken – and relatedly, whether there was unlawful retaliation – is a question of fact for the jury to decide. In particular, it is difficult to understand how Edwards could be precluded from introducing evidence about the "acting pay" controversy. If the defendants believe that specific evidence is inadmissible under the Federal Rules of Evidence, they may argue that at the pretrial conference or at trial. Generally speaking, however, the defendants are correct that evidence relating to the decision regarding the 2013 Superintendent position will need to be limited, and that because no race discrimination claims remain, Edwards will not be permitted to argue that the decision not to hire him for the 2014 and 2015 positions were race based. (At the pretrial conference, the parties should be prepared to discuss whether it would nonetheless be necessary/appropriate for Edwards to testify, in furtherance of his retaliation claims, that he believed the decisions not to hire him for the 2014 and 2015 positions were race based, even though the discrimination claims are no longer a part of the case.)

Motion in Limine #5

This motion is also denied as overbroad.

**IT IS SO ORDERED.**

Dated: March 15, 2018

VINCE CHHABRIA
United States District Judge